UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 12-133-HRW

ASHLEY LASHAY FOSTER,                              PLAINTIFF,

v.                 **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current applications for disability insurance benefits and supplemental security income benefits on February 23, 2009, alleging disability beginning on January 28, 2009, due to "Muscle disease and neuro cardiogenic syncopy" (Tr. 180). The applications were denied initially and on reconsideration

(Tr. 107-110). On March 5, 2010, an administrative hearing was conducted by Administrative Law Judge Robert C. King (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Cathy Sanders, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 5, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 39-46). Plaintiff was 26 years old at the time of the hearing decision (Tr. 175). She has a 12th grade education (Tr. 186). Her past relevant work experience consists of work as a certified nursing assistant, childcare provider, payroll clerk and office assistant (Tr. 94-95).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 41).

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity, Charot-Marie Tooth syndrome ("CMT"), fibromyalgia, osteoarthritis of the knees, degenerative changes in both sacroiliac joints, history of episodes of syncope, bilateral carpal tunnel syndrome, obstructive sleep apnea and hypertension which he found to be "severe" within the meaning of the Regulations (Tr. 41).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 42). In doing so, the ALJ specifically considered listings 1.00 *et seq.* (Tr. 42).

The ALJ further found that Plaintiff could perform to her past relevant work as a payroll clerk (Tr. 54-46) and further determined that she has the residual functional capacity ("RFC") to perform light level work with certain restrictions as

set forth in the decision (Tr. 42).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 45-46). Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 11, 2012 (Tr. 1-4).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 18 and 19] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

4

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the RFC did not account for all of her limitations and (2) the ALJ did not properly assess her credibility. She also seeks a remand for consideration of the opinions of Dr. Carol Peddicord and Dr. Lisa DeGnore.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the RFC did not account for all of her limitations. This argument is without merit as it is clear from the hearing decision that the ALJ considered Plaintiff's limitations and analyzed them based upon the evidence in the record. For example, with regard to Plaintiff's syncopal episodes,

the ALJ discussed the medical evidence and concluded that the episodes were well-controlled with medication (Tr. 44). This finding is supported by consultative examiner Dr. Mark Burn's statement that Plaint6iff obtained "good relief" of her syncope with medication (Tr. 1407). Plaintiff's own testimony is consistent in this regard; she stated she has not had a syncopal episode while on the medication (Tr. 78).

Plaintiff's contention that the ALJ did not consider her obesity is unavailing as well. The ALJ found obesity to be a severe impairment at Step 2 of the sequential analysis. The ALJ further stated that in formulating the RFC, he considered the "entire" record.

Plaintiff's argument that the ALJ did not consider Dr. DeMunbrun's July 28, 2009 report is also without merit. The ALJ explicitly cited this report in his decision (Tr. 45) and, included its findings in the RFC (Tr. 42, 45).

Finally, the ALJ found that despite allegations of disabling impairments, Plaintiff engages in a wide variety of household and other daily activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Comm'r of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). In this case, Plaintiff testified that she cares for her

daughters, ages 7 and 3 (Tr. 62-63). She prepares meals, takes care of her personal needs, washed dishes and dusts (Tr. 63-65). Additionally, she testified that visits with friends twice a week and attends church three Sundays a month (Tr. 65-66). She drives two-t-three times per week, shops for groceries and dines out once a month (Tr. 6869). She is able to mow the lawn using a riding mower and manages her own finances (Tr. 200-201). Plaintiff's abilities to engage in these activities supports the ALJ's determination that although she is limited, she retained her ability to perform work-related activities.

Plaintiff's second claim of error is that the ALJ did not properly assess her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "fair" with regard to his allegations of disabling pain. (Tr. 17). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The testimony pf Plaintiff and

7

her mother painted a picture which is not supported by the record. There is simply no evidence of limitation beyond that in the RFC.

Finally, Plaintiff a remand for consideration of the opinions of Dr. Carol Peddicord and Dr. Lisa DeGnore.

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In this case, the evidence proffered by Plaintiff is not material. Dr.

Peddicord opined that Plaintiff could no almost no work-related activities. This is inconsistent with Plaintiff's reported daily activities and inconsistent with the opinion of Dr. Thio who, after reviewing all the evidence, concluded that Plaintiff retained the ability to perform some work-related activities. It is also at odds with the opinion of Dr. Burns who examine Plaintiff a few months before the ALJ's decision and opined that Plaintiff could perform so work-related activity. It is simply not probable, given the contradictory evidence, that the ALJ would have assigned greater weight to the opinion of Dr. Peddicord and, thus, unlikely that her opinion would have generated a different disposition. *See Sizemore v. Sec'y of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988). Therefore, remand for the consideration of Dr. Peddicord's opinion is not warranted.

Nor is remand warranted for the consideration of the report of Dr. DeGnore. The Alj found that Plaintiff was not disabled between January 28, 2009 and August 5, 2010. Dr. DeGnore's report is dated November 9, 2011. The report says nothing of Plaintiff's condition during the relevant period of time. As such, it is not an appropriate basis for remand.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 30th day of September, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge